IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTONIO STONE,

          Petitioner,

v.

TAMMY FERGUSON, et al.,

          Respondents.

CIVIL ACTION
NO. 15-3890

**OPINION**

**Slomsky, J.**                                                                                                                                        August 16, 2016

**I.    INTRODUCTION**

Before the Court is the pro se Petition for Writ of Habeas Corpus of Petitioner Antonio Stone, a state prisoner, filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) United States Magistrate Judge M. Faith Angell issued a Report and Recommendation ("R&R"), recommending that the Petition be denied and that a certificate of appealability not be issued. (Doc. No. 18.) Petitioner has filed Objections to the R&R. (Doc. No. 20.) For the reasons stated below, the Court will approve and adopt the R&R (Doc. No. 18), and deny the Petition (Doc. No. 1).[1]

**II.    BACKGROUND**

On October 8, 2008, Petitioner was convicted of attempted murder, aggravated assault, simple assault, carrying a firearm without a license, carrying a firearm on public streets in

---

[1] For the purposes of this Opinion, the Court has considered Petitioner's pro se Petition for Habeas Corpus (Doc. No. 1), Petitioner's Amended Habeas Corpus Petition (Doc. No. 14), the Response to the Petition for Writ of Habeas Corpus (Doc. No. 16), Petitioner's Reply to the Response (Doc. No. 17), Magistrate Judge Angell's Report and Recommendation (Doc. No. 18), Petitioner's Objection to the Report and Recommendation (Doc. No. 20), and the pertinent state court record.

Philadelphia, possession of an instrument of crime, criminal conspiracy, and recklessly endangering another person.  (Doc. No. 18 at 1.)  Petitioner was sentenced to twelve to twenty-four months' imprisonment.  (Doc. No. 16-1 at 8.)  On March 9, 2011, the Pennsylvania Superior Court affirmed Petitioner's judgment of sentence, and Petitioner did not appeal that decision to the Pennsylvania Supreme Court.  (Doc. No. 18 at 4.)

On May 9, 2011, Petitioner filed a pro se petition for collateral relief in state court under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541.  (Id.)  Petitioner claimed in his PCRA petition that his sentence was illegal because the court had imposed impermissible consecutive sentences for his convictions of both attempted murder and conspiracy, which are both inchoate offenses.  See 18 Pa.C.S. § 906.  After counsel was appointed to represent Petitioner, he pursued this claim.  (Doc. No. 18 at 12.)  The PCRA court vacated the sentence and resentenced him to the same term of imprisonment.  (Id. at 4.)  On July 8, 2014, the Superior Court affirmed the PCRA court's decision.  (Id. at 5.)

Petitioner then filed the present Petition for Writ of Habeas Corpus on July 7, 2015.  (Id.)  In his Petition, Petitioner argued that: "(1) PCRA counsel was constitutionally ineffective for failing to raise a claim that trial counsel was ineffective for failing to object to the trial court's allegedly deficient jury instruction on reasonable doubt; and (2) PCRA counsel was ineffective for failing to raise a claim that trial counsel was ineffective for failing to object to the trial court's allegedly deficient jury instruction on the crime of recklessly endangering another person."  (Id.)  Petitioner also claimed that PCRA counsel was ineffective for failing to raise a claim of trial counsel's ineffectiveness for not objecting to the trial court's allegedly deficient jury instruction on attempted murder.  (Id.)

On April 28, 2016, Magistrate Judge Angell issued an R&R that recommended denying Petitioner's claims as untimely or unexhausted. (Doc. No. 18.) On July 13, 2015, Petitioner objected to the R&R. (Doc. No. 20.) For the following reasons, the Court will approve and adopt the R&R, and it will deny Petitioner's claims.

### III. STANDARD OF REVIEW

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal habeas Petition may not be granted on any claim which was adjudicated on the merits in State court proceedings unless Petitioner can show that the adjudication of the claims either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Woodford v. Visciotti, 537 U.S. 19, 21 (2002). Under the AEDPA, review of state court legal and factual determinations is highly deferential. See Palmer v. Hendricks, 592 F.3d 386, 392 (3d Cir. 2010) ("'[T]he AEDPA requires federal courts collaterally reviewing state proceedings to afford considerable deference to state courts' legal and factual determinations.' Factual determinations made by the state court are presumed to be correct, but may be rebutted by clear and convincing evidence.") (internal quotation omitted). If a state court did not adjudicate a claim on the merits, however, the deferential standard of the AEDPA does not apply. Id. Rather, in such cases, "the federal habeas corpus court must conduct a de novo review over pure legal questions and mixed questions of law and fact . . ." Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001) (citing McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999)).

Under 28 U.S.C. § 636(b)(1)(B) and the local rules of this Court, a district judge is permitted to designate a magistrate judge to make proposed findings and recommendations on petitions for post-conviction relief. Any party may file objections in response to the magistrate

judge's report and recommendation.  Id. § 636(b)(1)(C).  Whether or not an objection is made, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The [district] judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions."  Id.  "[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court."  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); see also 28 U.S.C. § 636(b).

In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's report and recommendation.  Under that rule, a petitioner must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections."  Savior v. Superintendent of Huntingdon SCI, No. 11-5639, 2012 WL 4206566, at *1 (E.D. Pa. Sept. 20, 2012).  Upon review, "[a district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).

De novo review is non-deferential and generally permits the district court to conduct an "independent review" of the entire matter.  Salve Regina College v. Russell, 499 U.S. 225, 238 (1991).  "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper."  Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

IV. ANALYSIS

    A. Objection to Denial of Petitioner's <u>Martinez</u> Claim Is Without Merit

Petitioner first objects to Magistrate Judge Angell's finding that Petitioner's claim of PCRA counsel's ineffectiveness for not raising trial counsel's ineffectiveness, pursuant to <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012), was without merit. Petitioner appears to object to Magistrate Judge Angell's finding that this claim was procedurally defaulted, and that he was entitled to wait "to raise [his] ineffective assistance of counsel claims in collateral proceedings." (Doc. No. 20 at 5.) Petitioner was afforded that opportunity and did not raise that claim in a PCRA petition.

Even had that claim not been procedurally defaulted, Magistrate Judge Angell correctly concluded that Petitioner's ineffective assistance of counsel claim failed on its merits. (Doc. No. 18 at 12.) Petitioner's claim of ineffective assistance of counsel are governed by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). In <u>Strickland</u>, the United States Supreme Court held that to prevail on an ineffective assistance of counsel claim, a petitioner must meet two requirements: 1) he must show "that counsel made errors so serious" that were "outside the wide range of professionally competent assistance"; and 2) he "must show that the deficient performance prejudiced the defense" and was "so serious as to deprive [him] a fair trial." <u>Id.</u> at 687-690. "Because counsel is afforded a wide range within which to make decisions without fear of judicial second-guessing, . . . it is only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." <u>Buehl v. Vaughn</u>, 166 F.3d 163, 169 (3d Cir. 1999) (quotations omitted). Counsel cannot be ineffective for failing to pursue a meritless claim. <u>Werts v. Vaughn</u>, 228 F.3d 178, 203-04 (3d Cir. 2000).

Here, PCRA counsel properly selected the non-frivolous claim that Petitioner sought to raise on collateral review and advocated it—that Petitioner's sentence was illegal. See Buehl, 166 F.3d at 164. PCRA counsel's strategy was successful, as it resulted in Petitioner's sentence being vacated by the PCRA court. PCRA counsel also informed Petitioner that his claims of ineffective assistance of trial counsel for not objecting to certain jury instructions were without merit, and there was no law that supported these claims. (Doc. No. 20 at 12.) As noted, counsel is not ineffective for not pursing a meritless claim. See Werts, 228 F.3d at 203-04. There is no indication that PCRA counsel provided ineffective assistance of counsel, and the Court will agree with Magistrate Judge Angell's finding that this claim is without merit.

**B. Objection to Denial of Petitioner's Untimely Jury Instruction Claim Is Without Merit**

Petitioner next objects to Magistrate Judge Angell's finding that his third claim of trial counsel's ineffectiveness for not objecting to a jury instruction was untimely filed. (Doc. No. 20 at 6.) Petitioner argues that he was entitled to amend his Habeas Petition to include this claim. (Id. (citing Riley v. Taylor, 62 F.3d 86 (3d. Cir. 1995)).) Petitioner's Motion to Amend the Petition was granted. (Doc. No. 15.) Magistrate Judge Angell nonetheless dismissed that claim as untimely filed because his new claim was not anchored to the "common core of operative facts" of his other two claims. See Mayle v. Felix, 545 U.S. 644, 650 (2005). Indeed, amendments to habeas petitions do not relate back to the original date of filing, for timeliness purposes, if they merely relate to the "same trial, conviction, or sentence." Id. at 664 (citing Fed. R. Civ. P. 15(c)(2)). Petitioner's new claim relates to an allegedly deficient jury instruction that is dissociated from the jury instructions and criminal charges that he timely challenged in his Petition. Therefore, this Objection is without merit.

## V.    CONCLUSION

For the foregoing reasons, the Court will adopt Magistrate Judge Angell's Report and Recommendation and will deny Petitioner's Petition for Writ of Habeas Corpus.  An appropriate Order follows.